STATE OF MISSOURI )
                     ) SS
CITY OF ST. LOUIS )

## IN THE CIRCUIT COURT OF THE CITY OF ST. LOUIS
## STATE OF MISSOURI

| | |
|---|---|
| RAJA NAEEM AND CHARLES COLE, INDIVIDUALLY AND ON BEHALF OF OTHERS SIMILARLY SITUATED,<br><br>    Plaintiffs,<br><br>vs.<br><br>METROPOLITAN TAXICAB COMMISSION,<br>SERVE: Thomas W. McCarthy, III<br>          McCarthy, Leonard &<br>          Kaemmerer, L.L.C.,<br>          400 S. Woods Mill Rd., Ste. 250<br>          Chesterfield, MO 63017<br><br>AND<br><br>COMMISSIONERS:<br><br>    LOUIS P. HAMILTON-<br>    CHAIRMAN<br>SERVE: 2628 Delmar Blvd.<br>          St. Louis, MO 63103<br><br>HOLD FOR SERVICE:<br><br>    DAVE MCNUTT-VICE<br>    CHAIRMAN OF<br>    OPERATIONS<br>    W. THOMAS REEVES-VICE<br>    CHAIRMAN OF FINANCE<br>    VINCE BENNETT<br>    BERHANU HAILE<br>    BASIL RUDAWSKY<br>    LARRY SATZ<br>    J. KIM TUCCI<br><br>AND | Cause No. 1122-CC 00792<br><br>Division No.<br><br>Intentional Tort |

Exhibit A

|  |  |
|---|---|
| **CENTRAL PARKING SYSTEMS OF** | ) |
| **MISSOURI, INC.,** | ) |
| **SERVE REGISTERED AGENT:** | ) |
|     **CSC Lawyers Incorporating** | ) |
|     **Service Co.** | ) |
|     **Jefferson City, MO 65101** | ) |
|  | ) |
|     **Defendants.** | ) |

## PETITION

### PARTIES

Comes now Plaintiffs Rajah Naeem and Charles Cole, both residents of the State of Missouri, individually and as representatives of the class defined below (hereinafter Class), and for their cause of action as against Defendant Metropolitan Taxicab Commission of St. Louis (hereinafter MTC), and Defendant Central Parking System of Missouri, Inc. (hereinafter CPS), and states to the Court as follows:

1. Plaintiff Rajah Naeem is an owner and operator of a vehicle for hire who resides in St. Louis County, State of Missouri. Plaintiff Naeem makes his living driving a taxicab and frequently picks up and drops off passengers at the Airport.

2. Plaintiff Charles Cole is the operator of a vehicle for hire and part owner of a transportation service in Jefferson County, Missouri and makes his living operating said vehicle for hire in the St. Louis Metropolitan Region frequently picking up and dropping off passengers at the Airport.

3. The Class will consist of the aforementioned Plaintiffs as well as all vehicles for hire owners and/or operators who have paid the MTC Taxicab Fee at the Airport during the period of June 13, 2005 to the present. The Class will also include all passengers in said vehicles

2

for hire who have had the MTC Taxicab Fee at the Airport passed on to them in the form of an increased fare or surcharge by the owners and/or operators of the vehicles for hire.

## CLASS DEFINITION

4. This cause of action is brought pursuant to Missouri Rule of Civil Procedure 52.08 governing Class Actions. Plaintiffs bring this cause of action on behalf of themselves and all other similarly situated who are members of the following class:

5. All owner and/or operators of a vehicle for hire that have paid the MTC Taxicab Fee at Lambert St. Louis Airport during the period of June 13, 2005 and all passengers in a vehicle for hire that have paid the MTC Taxicab Fee surcharge at Lambert St. Louis Airport during the period of June 13, 2005 to the present.

## CLASS ACTION ALLEGATIONS

### Numerosity of the Class

6. The proposed Class is so numerous that joiner is impractical. The disposition of the claims asserted herein through this class action will be more efficient and will benefit the parties and judicial economy;

### Predominance of Common Questions of Law and Fact

7. That there are questions of law and fact that are common to the class;

### Typicality

8. That the claims or defenses of the representative parties are typical of the claims or defenses of the class;

### Adequacy of Representation

9. The representative parties will fairly and adequately protect the interest of the class because their interest does not conflict with the interest of the Class Members they seek to

3

represent. Plaintiff has no claims antagonistic to those of the class. Plaintiff have retained counsel competent and experienced in complex litigation and said counsel will provide adequate representation for the members of the class; and

**Superiority**

10. A class action is superior to other available methods for the fair and efficient adjudication of this litigation since individual litigation of the claims of all Class members is impracticable. Even if every Class member could afford individual litigation, given the amount of actual damages each Class member has suffered, individual litigation is not likely. In addition, individual litigation presents a potential for inconsistent or contradictory judgment, and the prospect of a race to the courthouse and an inequitable accumulation of recovery among those with equally meritorious claims. Individual litigation increases the expenses and delay and will serve as a chilling effect on individual claimants given the time, delay and expense associated with the parties pursuing the matter without a class designation. A class action presents an opportunity to Plaintiffs to air their grievance with fewer management difficulties and provides the benefit of a single adjudication, economies of scale and comprehensive supervision by a single court.

Finally, due to the nature of the claim, which necessarily includes members of the traveling public, many class members may not have immediate or ready access to this jurisdiction for purposes of filing their claim or may be unaware of their opportunity to file such a claim. The class designation will allow members who are not parties to the claim the ability to have their interest protected and adjudicated. The questions of law and fact are clearly common to all members of the class and as such predominate over any questions affecting only individual

4

class members. Therefore, a class action designation is clearly the superior method for the fair and efficient adjudication of this matter.

## COUNT I

## CONVERSION

Comes now Rajah Naeem and Charles Cole, both residents of the State of Missouri, Individually and as representatives of the class defined below (hereinafter Class), and for their cause of action as against Defendant Metropolitan Taxicab Commission of St. Louis (hereinafter MTC), and Defendant Central Parking System of Missouri, Inc. (hereinafter CPS), and states to the Court as follows:

12. That Plaintiffs at all times herein mentioned were owners and/or operators of vehicles for hire or members of the public who hired these vehicles for purpose of ingress to or egress from Lambert St. Louis International Airport, (hereinafter Airport).

13. That for the purposes of this cause of action, the period during which said illegal assessment and collection of the MTC Taxicab Fee was assessed was between June 13, 2005 and the present.

14. That at all times herein, the vehicles for hire were forced to enter the parking garage at the Airport for purposes of extracting the illegal MTC Taxicab Fee.

15. That the Taxicab Commission of St. Louis Missouri at all times hereinmentioned was the regulatory agency for the Taxicab Industry of St. Louis Missouri.

16. That at all times hereinmentioned the MTC was acting by and through its agents, officers, managers, servants and personnel, who were under the direct supervision and control of Defendants, in the course and scope of their employment with Defendants all with Defendants knowledge, consent and ratification.

5

17. That at all times hereinmentioned, each and every Defendant and the MTC was covered by tort liability insurance, official immunity and sovereign immunity have therefore been waived within the meaning of section 537.600 R.S.Mo.

18. That St. Louis City owns Lambert International Airport and the Airport Commission operates Lambert International Airport.

19. That St. Louis City Ordinance 64406, approved July 1, 1998 is the Ground Transportation Policy Ordinance for the Airport; this ordinance was amended by Ordinance 65492 approved July 15, 2003 and again by Ordinance 66855 approved in September 2005.

20. That St. Louis City Ordinance 64406 authorizes the Airport Director to issue regulations governing the conduct of ground transportation operators at the Airport and to enter into, execute, issue and amend Airport ground transportation use agreements.

21. That St. Louis City Ordinance 65942 amended St. Louis City Ordinance 64406 and defined the terms "Airport Taxicab" and "Reserve Taxicab" so that the term "Ground Transportation Operator" now includes Reserve Taxicabs; Reserve Taxicabs were required to pay a trip fee of two dollars ($2.00) for each exit from the Airport; this Ordinance 64406, was approved by the Airport Commission and Board of Estimate and Apportionment before being forwarded to the Board of Alderman where it was approved and became law.

22. That St. Louis City Ordinance 65882 approved June 12, 2003 authorized a contract between the City of St. Louis and Central Parking for Airport Parking Facilities; 67977 was amended 65882 to extend the contract through August 31, 2008; this amendment was recommended by Board of Estimate and Apportionment, it authorized and instructed the Director of Airports and the Comptroller of the City of St. Louis to execute this "First Amendment to the Parking Facilities Operating Agreement".

6

23. That the MTC in collaboration and collusion with CPS did contract to illegally collect money from all vehicles for hire that exited the Airport for the Benefit of MTC.

24. That the contract between MTC and CPS was illegal in that it violates 49 USCA Subtitle VII Aviation Programs Part A (i) Chapter 401 which states in part:

> "A state, political subdivision of a state, or authority acting for a State or political subdivision may not do any of the following acts because those acts unreasonably burden and discriminate against interstate commerce:
> ... levy or collect a tax, fee, or charge, ... exclusively upon any business located a commercial service airport or operating as permitee of such an airport other than a tax, fee, or charge wholly utilized for airport or aeronautical purposes. (emphasis added).

25. That the contract between MTC and CPS violates the FAA Revenue Use Policy as set forth in FAA Regulations authorized by Title 49 USCA.

26. That the MTC Taxicab Fee is being collected by CPS and "held in trust" for the MTC.

27. That Plaintiffs were thereby damaged by Defendants action of illegally appropriating Plaintiffs money and Plaintiffs were denied the use of those funds for various purposes and expenses including living expenses, saving or investing.

28. That Plaintiffs were additionally damaged in that the assessment of the MTC Taxicab Fee placed an additional and unlawful burden on their ability to earn a livelihood and on interstate and intrastate commerce.

29. That this revenue can only be used for the capital, or operating, costs of the airport, or other facilities owned, or operated by the airport owner or operator AND substantially related to the air transportation of passengers or property; the MTC is not authorized by City Ordinance, or FAA regulations, to collect fees at the airport and use them for the benefit of MTC.

30. That from July 2005 to the present Defendants acting through it agents and servants collected $1.00 of Plaintiffs own money each time Plaintiff exited the said parking garage; Plaintiffs averaged 400 trips to the airport per day and approximately 12,000 trips per month.

31. That Plaintiffs were thereby damaged by Defendants' actions of illegally appropriating Plaintiffs money; Plaintiffs were prevented from paying for living expenses, saving, or investing the said funds.

32. That in wrongfully and illegally taking Plaintiffs money, as hereinabove alleged, Defendants acted intentionally, willfully, maliciously, without just, cause, and in wanton disregard of Plaintiff's rights.

33. That Defendants' conduct was outrageous, Defendants acted, with reckless indifference to Plaintiffs rights and with conscious disregard.

34. That Plaintiff are entitled to interest from the date of the said taking or conversion Lack v. Brecht, 166 Mo. 242, 65 S.W. 976 (1901); Charles F. Curry and Co. v. Hedrick, 378 S.W.2d 522 (Mo. 1946).

WHEREFORE, Plaintiffs pray Judgment against Defendants in an amount greater than Twenty Five Thousand Dollars ($25,000.00) as and for actual damages, for interest and a suitable amount as and for punitive damages and for his costs herein incurred and expended.

## COUNT II

### FRAUD

Come now Plaintiffs, and for their cause of action against Defendants, Metropolitan Taxicab Commission of St. Louis in Count II state:

1. That Plaintiffs reallege and incorporate by reference each and every allegation of Paragraphs 1 through 31 of Count I of Plaintiff's Petition as though said paragraphs were fully set out herein.

2. There existed a special relationship between Plaintiff and Defendant, i.e., Defendant was the supervising authority and Plaintiff was the supervised.

3. That Defendants pretended to have superior knowledge of the law, knowledge that the exit fee was legal; Defendants took advantage by taking Plaintiffs money.

4. That all throughout Defendants knew when they represented that the exit fee was legally owed, that such representation was a falsehood.

5. That the said representation was a material representation due to the MTC being the supervising authority, a reasonable person would manifest assent; as the said authority the MTC knew that Plaintiffs would likely assent Best v. Culhane, 677 S.W2d 390 (Mo. Court App. 1984).

6. That Defendants intended that Plaintiff act on the said representation or, i.e., comply, or suffer sanctions.

7. That Plaintiffs were ignorant of the law and the truthfulness of Defendants representations; for obvious reasons, Plaintiffs relied and complied, Defendant was the authority.

8. That Defendants appropriated $1.00 per trip from July 2005 to the present; Plaintiffs made an average of 400 trips per day and an average of 12,000 trips per month; Plaintiffs were thereby damaged.

9. That in fraudulently misrepresenting its legal entitlement to the said exit fees from Plaintiffs as hereinabove alleged, Defendants acted intentionally, willfully, maliciously, and in wanton disregard of Plaintiff's rights.

9

WHEREFORE, Plaintiffs pray Judgment against Defendant in an amount greater than Twenty Five Thousand Dollars ($25,000.00) as and for actual damages and a large amount as and for punitive damages and for his costs herein incurred and expended.

## COUNT III

### PREJUDGMENT INTEREST

Comes now Plaintiffs, Raja Naeem and Charles Cole, and for their cause of action against Defendant, Metropolitan Taxicab Commission of St. Louis in Count III states:

1. That Plaintiffs realleges and incorporates by reference each and every allegation contained in Counts I and II of Plaintiff's Petition as though fully set out herein.

2. That on or about _____ pursuant to Section 408.040 R.S.Mo., Plaintiffs, via Certified Mail, Article No._____, made a demand for settlement for a sum certain concerning all claims with respect to all Defendants.

3. That as a direct and proximate result of the negligence of the Defendants, Plaintiffs will require continue expenditures for medical care, and treatment, tertiary care, special care and special education for a life time.

WHEREFORE, Plaintiffs pray (1) for Judgment against Defendants in an amount above Twenty Five Thousand Dollars ($25,000.00), or, i.e., in such a sum as the Court may deem justified by the circumstances set forth herein, for compensatory damages; (2) for prejudgment interest based on Plaintiff's demand heretofore tendered; and (3) for costs herein expended, and such other and further relief as the Court deems just and equitable.

## COUNT IV

## CONVERSION

Come now Plaintiffs and for their cause of action against Defendants, Louis P. Hamilton, Dave McNutt, W. Thomas Reeves, Vince Bennett, Berhanu Haile, Basil Rudawsky, Larry Satz, and J. Kim Tucci, Individually, in Count IV states:

1. That Plaintiff realleges and incorporates by reference each and every allegation of paragraphs 1 through 31 of Count I of Plaintiffs' Petition as though fully set out herein.

2. That at all times herein mentioned Defendants were commissioners who ran the Taxicab Commission, conducted all of its business and supervised its personnel.

3. That at all times herein mentioned Defendants were acting through their agents, officers, managers, servants and legal counsel, who were under the direct supervision and control of Defendants, in the course and scope of their employment with Defendants, all with Defendants' knowledge, consent and ratification.

4. That this said on additional $1.00 collected by Central Parking was the possession of Plaintiff.

5. That Defendants took possession of the said money by and through Central Parking.

6. That Defendants thereby deprived Plaintiff of the right to possess the said money, or to otherwise put it to better use, as a direct and proximate consequence, Plaintiffs were damaged.

7. That in wrongfully taking Plaintiffs money as hereinabove alleged, Defendants acted intentionally, willfully, maliciously, without just, cause, and in wanton disregard of Plaintiff's rights.

11

8. That Defendants' conduct was outrageous, Defendants acted, with reckless indifference to Plaintiffs rights and conscious disregard.

9. That Plaintiffs are entitled to interest from the date of the said conversion <u>Lack v. Brecht</u>, 166 Mo. 242, 65 S.W. 976 (1901); <u>Charles F. Curry and Co. v. Hedrick</u>, 378 S.W.2d 522 (Mo. 1946).

WHEREFORE, Plaintiffs pray Judgment against Defendants in an amount greater than Seven Million Dollars ($7,000,000.00) as and for actual damages, for interest and a suitable amount as and for punitive damages and for his costs herein incurred and expended.

## COUNT V

## FRAUD

Come now Plaintiffs, and for their cause of action against Defendants, Louis P. Hamilton, Dave McNutt, W. Thomas Reeves, Vince Bennett, Berhanu Haile, Basil Rudawsky, Larry Satz, and J. Kim Tucci, Individually, in Count V states:

1. That Plaintiff reallege and incorporate by reference each and every allegation of paragraphs 1 through 31 of Count I of Plaintiff's Petition as though fully set out herein.

2. That Defendants represented to Plaintiffs that the $1.00 exit fee was legal owing and due each time Plaintiff exited the airport garage; Defendants intended that Plaintiffs rely on such representation; Defendants were the supervisors and Plaintiffs the supervised.

3. That such representation was false and the dollar charge was not legal and Plaintiffs did not owe same.

4. That Defendants knew that such representation was false at the time said representation was made.

5. That the said representation was material to Plaintiffs handing over the said money.

6. That Plaintiffs relied on the representation in paying the said additional money.

7. That as a direct result of such representation Plaintiffs were damaged.

8. That the said representation was a material representation due to the MTC being the supervising authority, a reasonable person would manifest assent; as the said authority the MTC knew that Plaintiffs would likely assent, Best v. Culhane, 677 S.W.2d 390 (Mo. Court App. 1984).

9. That Defendant intended that Plaintiffs act on the said representation or, i.e., comply, or suffer sanctions.

10. That Plaintiffs were ignorant of the law and the truthfulness of Defendants representations; for obvious reasons Plaintiffs relied and complied because Defendant was the authorities.

11. That Defendants appropriated $1.00 per trip from July 2005 to the present; Plaintiffs made an average of 400 trips per day and an average of 12,000 trips per month; Plaintiffs were thereby damaged.

12. That in fraudulent making the representation to Plaintiffs as hereinabove alleged, Defendants acted intentionally, willfully, maliciously, and in wanton disregard of Plaintiff's rights.

WHEREFORE, Plaintiffs pray Judgment against Defendants in an amount greater than Seven Million Dollars ($7,000,000.00) as and for actual damages and a large amount as and for punitive damages and his costs herein incurred and expended.

## COUNT VI

### PREJUDGMENT INTEREST

Comes now Plaintiffs, Raja Naeem and Charles Cole, and for their cause of action against Defendants, Louis P. Hamilton, Dave McNutt, W. Thomas Reeves, Vince Bennett, Berhanu Haile, Basil Rudawsky, Larry Satz, and J. Kim Tucci, Individually, in Count VI states:

1. That Plaintiffs realleges and incorporates by reference each and every allegation contained in Counts I and II of Plaintiff's Petition as though fully set out herein.

2. That on or about _____ pursuant to Section 408.040 R.S.Mo., Plaintiffs, via Certified Mail, Article No._____, made a demand for settlement for a sum certain concerning all claims with respect to all Defendants.

3. That as a direct and proximate result of the negligence of the Defendants, Plaintiffs will require continue expenditures for medical care, and treatment, tertiary care, special care and special education for a life time.

WHEREFORE, Plaintiffs pray (1) for Judgment against Defendants in an amount above Twenty Five Thousand Dollars ($25,000.00), or, i.e., in such a sum as the Court may deem justified by the circumstances set forth herein, for compensatory damages; (2) for prejudgment interest based on Plaintiff's demand heretofore tendered; and (3) for costs herein expended, and such other and further relief as the Court deems just and equitable.

## COUNT VII

### CONVERSION

Come now Plaintiffs and for their cause of action against Defendant, Central Parking, in Count VI states:

1.      That Defendant is a corporation authorized to do business in the State of Missouri, City of St. Louis.

2.      That Central Parking was in possession and control of a certain parking garage situated at Lambert International Airport in St. Louis, Missouri, where taxicabs entered and exited carrying air travelers to and from the airport.

3.      That at all times herein mentioned Defendant was acting through its agents, officers, managers, servants and security personnel, who were under the direct supervision and control of Defendant, in the course and scope of their employment with Defendant, all with Defendants' knowledge, consent and ratification.

4.      That Defendant was authorized by law to collect exit fees from taxicabs for express purposes, and Plaintiffs meant for the said $3.00 to be used for such purposes Dillard v. Payne, 615 S.W.2d 53 (Mo. 1981).

5.      That Defendant took possession of the said $3.00 and thereafter gave the MTC $1.00 as its cut of the take.

6.      That Defendant knew that the said monies were not going to be consumed by the Airport Authority; such was not an act done in best interest of the public as prescribed by law.

7.      That in wrongfully taking Plaintiffs money as hereinabove alleged, Defendants acted intentionally, willfully, maliciously, without just, cause, and in wanton disregard of Plaintiff's rights.

8.      That Defendants' conduct was outrageous, Defendants acted, with reckless indifference to Plaintiffs rights and conscious disregard.

9. That Plaintiffs are entitled to interest from the date of the said conversion Lack v. Brecht, 166 Mo. 242, 65 S.W. 976 (1901); Charles F. Curry and Co. v. Hedrick, 378 S.W.2d 522 (Mo. 1946).

WHEREFORE, Plaintiffs pray Judgment against Defendants in an amount greater than Twenty Five Thousand Dollars ($25,000.00) as and for actual damages, for interest and a suitable amount as and for punitive damages and for his costs herein incurred and expended.

## COUNT VIII

### FRAUD

Come now Plaintiffs and for their cause of action in Count VIII of their Petition against Defendant, Central Parking, state:

1. That Plaintiff realleges and incorporates by reference each and every allegation in Paragraphs 1 through 31 of Count I of Plaintiff's Petition as thought said paragraphs were fully set out herein.

2. That Defendant represented to Plaintiffs that they owed the airport the fee of $3.00 and fully intended that Plaintiffs rely on such.

3. That the said representation was false Plaintiffs owed only two dollars.

4. That Defendants knew that such representation was false at the time it was made.

5. That the said representation was material to Plaintiffs handling over the said extra money.

6. That Plaintiff relied on the said representation Plaintiff used reasonable care in relying and paid the said money.

7. That Defendants intended that Plaintiff act on the said representation or, i.e., comply, or suffer sanctions.

8. That Plaintiffs were ignorant of the law and the truthfulness of Defendants representations for obvious reasons relied and complied because Defendant was the authorities.

9. That Defendants appropriated $1.00 per trip from July 2005 to the present; Plaintiffs made an average of 400 trips per day and an average of 12,000 trips per month; Plaintiffs were thereby damaged.

10. That in fraudulent misrepresenting its legal entitlement to the said exit fees from Plaintiffs as hereinabove alleged, Defendants acted intentionally, willfully, maliciously, and in wanton disregard of Plaintiff's rights.

WHEREFORE, Plaintiffs pray Judgment against Defendant in an amount greater than Seven Million Dollars ($7,000,000.00) as and for actual damages and a large amount as and for punitive damages and for his costs herein incurred and expended.

## COUNT IX

## CIVIL CONSPIRACY

Come now Plaintiffs, and for their cause of action against all Defendants:

1. That Plaintiffs reallege and incorporate by reference each and every allegation of Counts I through VIII of Plaintiff's Petition as though said paragraphs were fully set out herein.

2. That for compensation, Defendant Central Parking agreed to collect additional fees from taxicabs exiting its garage and turn over such extra and illegal fees to Defendant MTC for MTC consumption.

3. That this meeting of the minds was reduced to writing in the form of a contract; that this meeting of the minds continued even after the said contract expired and Defendant Central Parking continued to collect money for Defendant MTC.

17

4. That as stated hereinabove the said actions of Defendants violated both State and Federal Law.

5. That Defendants appropriated $1.00 per trip from July 20065 to the present; Plaintiffs made an average of 400 trips per day and an average of 12,000 trips per month; Plaintiffs were thereby damaged.

6. That in conspiring against Plaintiffs as hereinabove alleged, Defendants acted intentionally, willfully, maliciously, and in wanton disregard of Plaintiff's rights.

WHEREFORE, Plaintiffs pray Judgment against Defendant in an amount greater than Twenty Five Thousand Dollars ($25,000.00) as and for actual damages and a large amount as and for punitive damages and for his costs herein incurred and expended.

## COUNT X

## PREJUDGMENT INTEREST

Come now Plaintiffs, Raja Naeem and Charles Cole, and for their cause of action against Defendants, Jointly and Severally, in Count X states:

1. That Plaintiffs realleges and incorporates by reference each and every allegation contained in Counts I through IX of Plaintiff's Petition as though fully set out herein.

2. That on or about _____ pursuant to Section 408.040 R.S.Mo., Plaintiffs, via Certified Mail, Article No. _____, made a demand for settlement for a sum certain concerning all claims with respect to all Defendants.

3. That as a direct and proximate result of the negligence of the Defendants, Plaintiffs will require continue expenditures for medical care, and treatment, tertiary care, special care and special education for a life time.

WHEREFORE, Plaintiffs pray (1) for Judgment against Defendants in an amount above Twenty Five Thousand Dollars ($25,000.00), or, i.e., in such a sum as the Court may deem justified by the circumstances set forth herein, for compensatory damages; (2) for prejudgment interest based on Plaintiff's demand heretofore tendered; and (3) for costs herein expended, and such other and further relief as the Court deems just and equitable.

                                     MACARTHUR MOTEN, P.C.

BY: *[signature]*    #27017
MacArthur Moten
Attorney for Plaintiffs
3920 Lindell Blvd., Suite 200
St. Louis, MO 63108
(314) 535-2948
(FAX) 535-0122